STATE OF NORTH CAROLINA v. BOBBY LEE BYRD

No. 7410SC682

(Filed 20 November 1974)

1. Criminal Law § 92— armed robbery — breaking or entering — larceny — consolidation proper

A charge of armed robbery against defendant was sufficiently connected in time, place and circumstances with charges of breaking or entering and larceny to permit their consolidation under G.S. 15-152.

2. Searches and Seizures § 1— absence of vehicle registration — search of glove compartment by officer

N. J. law expressly authorizes police officers to stop motor vehicles at random and demand production of the operator's driver's license and motor vehicle registration; when, upon being stopped by a state policeman on the N. J. turnpike, defendant could not produce a registration certificate, an examination of the glove compartment for evidence of registration and ownership was reasonable.

3. Searches and Seizures § 1— lawful arrest — search of vehicle incident to arrest

Where an officer discovered a pistol in the glove compartment of defendant's vehicle during a reasonable search for evidence of owner-

State v. Byrd

ship and the officer arrested defendant for possession of a pistol in a vehicle without a permit, the subsequent search inside the vehicle and the trunk was incident to the arrest of defendant and was reasonable.

APPEAL by defendant from *McLelland, Judge,* 11 February 1974 Session of Superior Court held in WAKE County.

Defendant was convicted of felonious breaking or entering of Leith Lincoln Mercury, Inc. in Raleigh and felonious larceny of a Lincoln Continental Mark IV from that firm. The crimes took place on the evening of 26 July 1973 or the early morning of 27 July 1973. The cases were consolidated with the trial of defendant for the armed robbery of J. P. Hayes, the operator of a jewelry store in Raleigh. Evidence for the State tended to show that defendant committed the robbery about 6:00 p.m. on 26 July 1973. On 28 July 1973, defendant was arrested in New Jersey. Defendant had possession of the stolen automobile and the jewelry previously stolen from Hayes.

A mistrial was declared in the armed robbery charge. A verdict of guilty was returned on the charges of felonious larceny and felonious breaking or entering. Judgments were entered imposing an active prison sentence in each case.

*Attorney General James H. Carson, Jr., by T. Buie Costen and Rafford E. Jones, Assistant Attorneys General and Thomas M. Ringer, Jr., Associate Attorney, for the State.*

*Clayton, Myrick & McCain by Robert W. Myrick for defendant appellant.*

VAUGHN, Judge.

[1] The charge of armed robbery was sufficiently connected in time, place and circumstances with the charges of breaking or entering and larceny to permit their consolidation under G.S. 15-152. Defendant's assignment of error directed to the denial of his motion to sever the cases for trial is overruled.

Defendant also contends that the Court erred in denying defendant's motion to suppress evidence obtained in a warrantless search of defendant's automobile. The search occurred when a state policeman observed defendant operating the stolen automobile on the New Jersey turnpike and stopped him for a driver's license and registration check. Defendant produced a driver's license but failed to produce a registration certificate

for the vehicle. After questioning defendant concerning the automobile, the officer searched the glove compartment. The officer discovered a pistol in the glove compartment and immediately placed defendant under arrest. A subsequent inventory of the automobile produced the stolen jewelry.

[2] Police officers in New Jersey are expressly authorized to stop motor vehicles at random and demand production of the operator's driver's license and motor vehicle registration. N.J.S.A. 39:3-29. *State v. Gray,* 59 N.J. 563, 285 A. 2d 1. In *State v. Boykins,* the Supreme Court of New Jersey commented:

> "Surely not every traffic violation will justify a search of every part of the vehicle. *See,* generally, annotation, 10 A.L.R. 3d 314 (1966). A traffic violation as such will justify a search for things related to it. So, for example, if the operator is unable to produce proof of registration, the officer may search the car for evidence of ownership [citations]. . . ." *State v. Boykins,* 50 N.J. 73, at 77, 232 A. 2d 141, at 143.

This is not contrary to the provisions of the fourth amendment of the United States Constitution and article I, paragraph 7 of the constitution of the State of New Jersey and such exercise "represents a valid exercise of the State's police power in furtherance of the State's legitimate interest [citations]." *State v. Gammons,* 113 N.J. Super. 434, at 437, 274 A. 2d 69, at 71; aff'd; 59 N.J. 451, 283 A. 2d 897. *See State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9. When defendant could not produce a registration certificate, the examination of the glove compartment for evidence of registration and ownership was reasonable, and the officer could not ignore the pistol that he found.

[3] Possession of a pistol in a vehicle without a permit is a violation of New Jersey law. N.J.S.A. 2A:151-41; *State v. Hock,* 54 N.J. 526, 257 A. 2d 699. After defendant was placed under arrest for that offense, the subsequent search inside the vehicle and the trunk was incident to the arrest of defendant and was reasonable.

Each of defendant's other assignments of error have been considered. We find no prejudicial error in defendant's trial.

No error.

Judges CAMPBELL and BRITT concur.